UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00179-WTL-MJD |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Larry Craig, an Indiana inmate incarcerated in the Westville Correctional Facility, petitions for a writ of habeas corpus challenging prison disciplinary proceeding held at the Wabash Valley Correctional Facility, number WVE 16-12-0041. For the reasons explained in this Entry, Mr. Craig's habeas corpus petition is **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 15, 2016, Wabash Valley Correctional Facility Sergeant J. Shroyer opened the door of Mr. Craig's cell and observed him swallow something. Sgt. Shroyer charged Mr. Craig with violating Section A-100 of the Adult Disciplinary Code, which makes it an offense to violate any state or federal law. Sgt. Shroyer believed that Mr. Craig, by swallowing something, had obstructed justice, an offense under the Indiana criminal statutes. Ind. Code § 35-44.1-2-2. The conduct report provides:

> On 12-15-16 at approx. 10:05 a.m. I Sgt. J. Shroyer did witness offender Craig, Larry #956703 swallow an object when his door opened for a cell search[.]

Dkt. No. 12-1.

Mr. Craig was notified of the charge on December 16, 2016, when he received a copy of the conduct report and received the screening report. Dkt. No. 12-2. He plead not guilty to the charge.

A hearing was held on December 20, 2016. Mr. Craig told the hearing officer that "Sgt. Shroyer never saw me put anything in my mouth or swallow anything when they began the shakedown." Dkt. No. 12-4. Based on this statement and the staff reports, the hearing officer found Mr. Craig guilty of violating section A-100. The sanctions imposed included sixty-days' earned-credit-time deprivation and a credit class demotion. *Id.*

Mr. Craig appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. Dkt. Nos. 12-5, 12-6. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Five grounds for relief are presented by Mr. Craig in his petition. First, Mr. Craig contends he was denied due process of law when he was not provided with a written statement of the facts relied upon by the disciplinary hearing officer to support the decision. Second, because the hearing

officer did not read and explain the sanctions imposed following the finding of guilt, Mr. Craig believes he was denied due process. Third, Mr. Craig had requested a "dry cell" report as evidence for his disciplinary hearing, and contends that the disciplinary hearing officer's denial of that request denied him due process of law. Fourth, he contends there was insufficient evidence to support the hearing officer's decision. Finally, in his fifth ground for relief, Mr. Craig contends his disciplinary hearing officer was biased.

The Warden asserts that Mr. Craig did not present his first, second, and fifth grounds for relief to the Warden or Superintendent during the administrative appeals and therefore the claims are procedurally defaulted.

### (1) Procedural Default

A review of the administrative appeals presented by Mr. Craig to prison officials confirms the Warden's assertions. Mr. Craig only complains about the sufficiency of the evidence and makes a brief reference to the hearing officer refusing the request for a dry cell report. The issues he complains about in his first, second, and fifth grounds for relief are absent from his administrative appeals. Mr. Craig admits this fact in his petition when he writes that he did not know about the procedural requirements in disciplinary hearings at the time of his appeals and therefore did not appeal those issues. Dkt. No. 2, p. 11. Not knowing the procedural rules for disciplinary hearings does not excuse the failure to follow the administrative appeal requirements and present all issues for appeal to the prison appellate authorities.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002).

Because Mr. Craig's first, second, and fifth grounds for relief were not raised in the administrative appeals, his petition for a writ of habeas corpus on those three grounds is **denied**.

### (2) Insufficient Evidence

Mr. Craig contends that the officer did not see him swallow something, and therefore disputes that there can be sufficient evidence to convict him of the code violation. The officer's report directly contradicts Mr. Craig's contention.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

This Court does not reweigh the evidence. When there is "some evidence" in the record upon which the hearing officer's decision could be based, this Court does not reweigh or assess credibility, but instead must conclude that there has been no due process violation. *Hill*, 472 U.S. at 455-56. Sgt. Shroyer wrote that he saw Mr. Craig swallow something as he entered the cell. The statement alone is "some evidence" upon which the hearing officer's decision is based. Accordingly, Mr. Craig's sufficiency of the evidence claim on this basis is **denied**.

As a second component to his sufficiency of the evidence ground, Mr. Craig takes issue with the disciplinary code section under which he was convicted. He appears to contend that the disciplinary code is vague and does not describe the prohibited conduct. Section A-100 of the Adult Disciplinary Procedures makes it a sanctionable offense to violate any state or federal law. Mr. Craig's act of swallowing evidence before it could seized by officials was alleged to be a violation of Indiana Code § 35-44.1-2-2(a)(3) which prohibits the obstruction of justice. *See Mullins v. State*, 717 N.E.2d 902, 903-04 (Ind. Ct. App. 1999). The prison's disciplinary code prohibiting the violation of any state or federal law does not deprive Mr. Craig of any due process protection. His ground for relief on this basis is also **denied**.

### (3) Denial of Evidence

Finally, Mr. Craig asserts that he was denied a "dry cell" report to use as evidence at his disciplinary hearing. The disciplinary hearing officer wrote that no such report exists, and denied the request for evidence. There is no due process violation for failing to produce evidence that does not exist. *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007); *Piggie*, 344 F.3d at 678. Habeas corpus relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Craig to the relief he seeks. Accordingly, Mr. Craig's petition for a writ of habeas corpus is **denied**.

Finally, the **clerk is directed** to modify the docket to reflect Mr. Craig's current address as shown in the distribution list below.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/30/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Larry Craig
956703
New Castle Correctional Facility Annex
1000 Van Nuys Rd
New Castle, IN 47362

Electronically Registered Counsel